**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 20-cv-01865-REB

MARGARET JENNIFER MESTAS,

    Plaintiff,

v.

KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[2] filed June 24, 2020, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

---

[1] On July 9, 2021, President Joseph R. Biden appointed Kilolo Kijakazi as Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew M. Saul, former Commissioner of Social Security, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she is disabled as a result of degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the knees, osteoarthritis of the hands, and obesity.  After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on June 12, 2019.  At the time of the hearing, plaintiff was 50 years old.  She has a high school education and past relevant work experience as a cashier, janitor, and housekeeper.  She has not engaged in substantial gainful activity since at least May 13, 2017, her alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the evidence established plaintiff suffered from severe impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found plaintiff had the residual functional capacity to perform a reduced range of light work with certain postural and manipulative limitations.  Although this finding precluded plaintiff's past relevant work, the judge determined there were other jobs existing in sufficient numbers in the national and local economies she could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42

U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

In a single point of error, plaintiff alleges the ALJ committed legal error by failing to address the persuasiveness of her treating medical source's opinions of her physical functional capacity.  The Commissioner acknowledges the ALJ's oversight, but claims the failure to discuss this medical opinion was harmless error.  I cannot so find, and therefore must reverse.

On October 13, 2017, Dr. Mandy Monford completed a physical assessment of plaintiff wherein she opined plaintiff's symptoms related to chronic low back pain and diffuse arthritis would "constantly" interfere with the attention and concentration required to complete even simple work-related tasks.  She suggested further that plaintiff could sit for no more than two hours total during an eight-hour work day; could not stand or walk at all; could never carry any amount of weight; could never use her hands or fingers to grasp, turn, or twist objects, or for fine manipulation; could use her arms to reach no more than ten percent of the day; would need to take unscheduled breaks every 20 minutes during the work day; and would be absent from work due to her impairments more than four times a month.  (Tr. 295-296.)  If accepted, this opinion clearly would preclude all competitive employment.  In particular, absences of four or more times a month would preclude competitive employment, as the vocational expert testified at the hearing, and a limitation to no more than occasional handling and fingering would preclude light work.  (Tr. 62-63.)

In concluding plaintiff had the residual functional capacity for unskilled light work that required, *inter alia*, frequent handling and feeling, the ALJ completely ignored this opinion.  (Tr. 15.)  *See* 20 C.F.R. § 404.1567(b) (light work requires ability to lift up to 20

pounds at a time and lift and carry up to 10 pounds frequently); **Social Security Ruling** 83-14, 1983 WL 31254 at *4 (SSA 1983) ("[M]ost light jobs – particularly those at the unskilled level of complexity – require a person to be standing or walking most of the workday." ).  *See also* **Social Security Ruling** 83-10, 1983 WL 31251 at *5-*6 (SSA 1983) ("frequently" means "occurring from one-third to two-thirds of the time").  Indeed, as the Commissioner concedes, he apparently overlooked this aspect of Dr. Monford's opinion entirely.[3]

Dr. Monford's opinion constitutes a "medical opinion" within the meaning of the Commissioner's regulations.  20 C.F.R. § 404.1513(a)(2) ("A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the ability to perform the various demands of work).  The ALJ is required to articulate in his findings "how persuasive [he] find[s] all of the medical opinions" of record.  20 C.F.R. § 404.1520c(b).  *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects"). The ALJ's failure to do so here thus constitutes error.

Nevertheless, the Commissioner asserts this error was harmless because Dr. Monford's opinion predated plaintiff's recovery from an acute knee injury and substantial evidence in the record allegedly otherwise supports the ALJ's residual functional capacity determination.  I cannot agree.  The failure to discuss a medical opinion

---

[3]  The ALJ did address Dr. Monford's contemporaneous mental residual functional capacity report.  (Tr. 14; *see* Tr. 292-294.)

constitutes harmless error only "if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity," since "[i]n that case, the claimant is not prejudiced because [discussing] [the opinion] would not have helped her." ***Mays v. Colvin***, 739 F.3d 569, 579 (10th Cir. 2014) (citation and internal quotation marks omitted; alteration in original). ***See also Miller v. Saul***, 2020 WL 7022355 at *11 (D. Colo. Nov. 30, 2020); ***Schoonmaker v. Berryhill***, 2017 WL 4422597 at *3-4 (W.D. Okla. Oct. 5, 2017).

Such is plainly not the case here. Dr. Monford's opinion plainly would preclude all work at any exertional level. I thus cannot find this error harmless. Moreover, the Commissioner's attempt to back-fill the ALJ's decision by reference to her alleged recovery from an acute knee injury still fails to address the manipulative limitations Dr. Monford endorsed, which at best could reduce plaintiff's residual functional capacity below the light level, or Dr. Monford's opinions as to the effect of plaintiff's symptoms on her ability to stay or task and maintain required attendance, which would preclude competitive employment entirely. (***See*** Tr. 62-63.)[4]

Accordingly, this matter must be remanded to allow the ALJ to consider and address the persuasiveness of Dr. Monford's opinion. ***See*** 20 C.F.R. § 404.1520c(b)(2).

---

[4] At the hearing, the vocational expert testified that a person limited to only occasional fingering and handling *and* who needed an assistive device for walking and standing would be incapable of light work. (Tr. 63.) Although plaintiff testified she used a cane "a handful of times a month" to walk and balance (*see* Tr. 58-59), the ALJ found she "has not been regularly observed to use an assistive device to aid in ambulation" (Tr. 16), by which I assume he meant that no medical source had noted her using any such device. To the extent the ALJ meant by this finding to infer that plaintiff's testimony not credible, he should more clearly so state. Moreover, and even if this opinion is supportable, because the hypothetical propounded to the vocational expert was compound, it is not clear to what extent manipulative limitations alone would affect his opinion. This matter likewise can be further clarified on remand.

## IV.  ORDERS

**THEREFORE IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is reversed;

2.  That this case is remanded to the ALJ, who is directed to

> a.  Evaluate the persuasiveness of Dr. Monford's October 13, 2017, physical assessment in light of the various factors which bear on that determination;
>
> b.  Further develop the record as he deems necessary, including, but not limited to, recontacting Dr. Monford for clarification or an updated opinion and/or obtaining further vocational expert testimony;
>
> c.  Reconsider his determinations at steps four and five of the sequential evaluation in light of this evidence; and
>
> d.  Reassess the disability determination; and

3.  That plaintiff is awarded her costs, to be taxed by the clerk in the time and manner required under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated July 19, 2021, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge